IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| KONA PROPERTIES, LLC, | * |
| Plaintiff, | * |
| v. | * CIVIL NO.: WDQ-08-1010 |
| UNITED STATES OF AMERICA, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Kona Properties, LLC ("Kona") sued the United States of America ("United States") for quiet title to property on which the United States has a deed of trust. Pending are Kona's and the United States's cross-motions for summary judgment.

I.  Background

On May 20, 1992, the United States executed a deed of trust on 5607 Huntsmoor Road, Halethorpe, MD 21227 ("the property") to secure a tax lien for the owner's failure to pay federal income tax. Compl. ¶ 6. The deed of trust was recorded in Baltimore County's land records. *Id.* On June 2, 2006, Baltimore County, Maryland, sold a Tax Sale Certificate[1] at public auction to

---

[1] Tax sale certificates are sold to recoup unpaid taxes on real property. The holder of a tax sale certificate may extinguish any senior interest in the property by filing suit to foreclose the right of redemption. *See Taxi, LLC v. Mayor and City Council of Baltimore City*, 171 Md. App. 430, 432-33, 910 A.2d 536, 538 (Md. Ct. Spec. App. 2006); *Quillens v. Parker*, 171

1

Sunrise Atlantic, LLC ("Sunrise").  *Id.* at ¶¶ 7, 9.  The Tax Sale Certificate gave Sunrise a fee simple interest in the property. *Id.*  Sunrise assigned the Tax Sale Certificate to Kona.  *Id.*

On December 4, 2006, Kona sued in the Circuit Court for Baltimore County to foreclose the right of redemption and extinguish the United States's deed of trust.  *Id.* at ¶¶ 10, 11, Ex. C.  Whether Kona sent notice of its Circuit Court foreclosure complaint to the United States on December 6, 2006, under I.R.C. §§ 7425(c) and 6325(b)(1)(B) is disputed.  Pl. Mot. Ex. A at ¶ 24; Ex. B.

On October 27, 2007, a Circuit Court judgment foreclosed the right of redemption and declared Kona the owner of the property in fee simple.  *Id.* at ¶ 12.  The United States's deed of trust remains in Baltimore County's land records.  *Id.* at ¶ 14.

On February 19, 2008, Kona sued the United States for quiet title, seeking a judgment declaring that (1) it owns the property in fee simple, and (2) the United States's deed of trust has been extinguished.  *Id.*  On April 22, 2008, the United States removed the case to this Court under 28 U.S.C. §§ 1444 and 1446.  Paper No. 1.  On February 20, 2009, Kona moved for summary judgment. Paper No. 28.  On March 9, 2009, the United States filed a cross-motion for summary judgment.

---

Md. App. 52, 57, 908 A.2d 674, 677 (Md. Ct. Spec. App. 2006); *Heartwood 88, Inc. v. Montgomery County*, 156 Md.App. 333, 348-49, 846 A.2d 1096, 1105 (Md. Ct. Spec. App. 2004).

II.  Analysis

    1.  Standard of Review

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)).  The opposing party, however, must produce evidence upon which a reasonable fact finder could rely.  *Celotex*, 477 U.S. at 324.  A mere "scintilla" of evidence is insufficient to preclude summary judgment.  *Anderson*, 477 U.S. at 252.

When there are cross-motions for summary judgment, the Court must consider each motion "separately on its own merits to determine whether either of the parties deserves judgment as a matter of law."  *Rossignol v. Vorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (*citing Philip Morris Inc. v. Harshbarger*, 122 F.3d 58, 62 n.4 (1st Cir. 1997)).  "When considering each individual

motion, the [C]ourt must take care to resolve all factual disputes and any competing, rational inferences in the light most favorable to the party opposing that motion." *Id.* (*citing Wightman v. Springfield Terminal Ry. Co.*, 100 F.3d 228, 230 (1st Cir. 1996)).

2. Sovereign Immunity

Generally, the United States is immune from suit. *United States v. Dalm*, 494 U.S. 596, 608 (1990). Under Section 2410 of Title 28 of the United States Code, the United States has consented to suits for quiet title or to foreclose a mortgage or other lien on real or personal property "on which the United States has or claims a mortgage or other lien."[2] 28 U.S.C. § 2410(a). Under § 2410(c), the United States consents to suits to foreclose a mortgage or other lien only when the plaintiff also seeks a judicial sale.[3] There is no judicial sale requirement in

---

[2] Section 2410 states:
 (c) A judgment or decree in such action or suit shall have the same effect respecting the discharge of the property from the mortgage or other lien held by the United States as may be provided with respect to such matters by the local law of the place where the court is situated. However, an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale. . .

28 U.S.C. § 2410.

[3] A judicial sale is a court-supervised sale of foreclosed property in which the proceeds are used to satisfy lien holders. *See Empire Properties, LLC v. Hardy*, 386 Md. 628, 643. 837 A.2d 1187, 1196 (Md. 2005).

4

suits for quiet title. *See Id.*

Kona has not sought a judicial sale of the property. *See* Pl. Mot. Summ. J.; Pl. Resp. Accordingly, the United States's immunity is waived only to the extent that Kona seeks quiet title. 28 U.S.C. § 2410(a).

A quiet title action seeks a declaration that an adverse interest in a property is defective because it was invalid when created or became invalid or had been satisfied when suit was filed. *Kasdon v. G.W. Zierden Landscaping, Inc., et al.*, 541 F. Supp. 991, 995 (D. Md. 1982), *aff'd*. 707 F.2d 820 (4th Cir. 1993) (a foreclosure action seeks to divest junior liens; the invalidity of adverse interests is the subject of a quiet title action.) *Id.*

Kona contends that the United States's lien was extinguished by its failure to respond to the Circuit Court foreclosure action and was satisfied when Kona filed this suit. As this is an action for quiet title, the United States has waived sovereign immunity. *Id.* at 955.

3.  Kona's Motion for Summary Judgment

Kona seeks summary judgment of quiet title by contending that the United States's deed was extinguished by the Circuit Court judgment foreclosing the right of redemption.

Kona asserts that the United States's deed of trust on the property was discharged under 28 U.S.C. § 2410. Pl. Mot. Summ.

5

J. at 5.  Alternatively, Kona contends that the deed of trust was extinguished under 26 U.S.C. § 7425 because (1) it gave the United States notice of the Circuit Court action more than 25 days before the Circuit Court granted judgment for Kona, and (2) the United States did not respond.  *Id.* at 5-6.

       a.   28 U.S.C. § 2410

Kona asserts that the Circuit Court judgment extinguished the United States's deed of trust under 28 U.S.C. § 2410 because the Circuit Court action was an action to quiet title.  Pl. Mot. at 5.

Kona's Circuit Court complaint was titled a "Complaint to Foreclose Rights of Redemption," Compl. Ex. C., and was filed under MD. CODE ANN. TAX-PROPERTY § 14-833 *et seq.*, which governs foreclosure actions by tax sale certificate holders.  The Circuit Court complaint did not allege that the United States's deed of trust was defective or invalid.  *Id.*  Accordingly, the Circuit Court action was a foreclosure suit to which the United States had not waived its immunity; its deed of trust was not extinguished by the Circuit Court judgment.[4]

---

[4] In *Kasdon v. G.W. Zierden Landscaping, Inc.*, Judge Kaufman held that (1) state foreclosure proceedings by tax sale certificate holders are subject to the requirements of § 2410, *Kadson*, 541 F.Supp. at 993-94 ("Congress, when it enacted the federal Tax Lien Act of 1966. . . provided that federal procedures should govern the divestiture of federal tax liens"); and (2) tax sales are not judicial sales as defined in § 2410. *Id.* at 996-97.

      b.    26 U.S.C. § 7425

Section 7425(b) of Title 26 of the United States Code provides that a lien--or a title derived from enforcement of a lien--held by the United States is discharged by a sale if (1) notice of a sale is given at least 25 days before the sale or (2) the United States consents to the sale.  26 U.S.C. §§ 7425(b)(1)(C); 7425(c)(1).

Kona asserts that it gave the United States notice on December 6, 2006, two days after it filed the foreclosure action in Circuit Court.  Pl. Mot. Summ. J. at 6, Compl. Ex. B.  Accordingly, Kona contends that the United States's deed of trust has been extinguished.  *Id.*

The United States: (1) contends that 26 U.S.C. § 7425(b) is inapplicable to the Circuit Court foreclosure suit; and, alternatively, (2) disputes that it received notice of the foreclosure action under § 7425.  Def. Mot. Summ. J. at 6; Pl. Mot. Summ. J. Ex. A at ¶¶ 21-23.

Section 7425(b) applies to the sale of property on which the United States has or claims a lien, or a title derived from enforcement of a lien.  26 U.S.C. § 7425; 26 C.F.R. § 301.7425-1.  Kona acknowledges that the United States's deed of trust is not a lien, Pl. Resp. at 3, but argues that because the deed of trust "is wholly related to and stems from" a federal tax lien, § 7425

7

is applicable. *Id.* Because a deed of trust is neither a lien nor a title on the property,[5] § 7425(b) is inapplicable.[6]

4. The United States's Motion for Summary Judgment

The United States seeks summary judgment on Kona's claim to quiet title of the property. As discussed above, the Circuit Court judgment did not extinguish the United States's deed of trust on the property, and the deed remains valid. Accordingly, the United States's motion for summary judgment on Kona's quiet title action will be granted.

III. Conclusion

For the reasons stated above, Kona's motion for summary judgment will be denied, and the United States's motion for summary judgment will be granted.


July 30, 2009                         /s/
Date                          William D. Quarles, Jr.
                              United States District Judge

---

[5] *See MTBR LLC v. D.R. Horton, Inc.*, No. RDB-07-3363, 2008 WL 390678m * 7 (D. Md. August 22, 2008) (distinguishing between a deed of trust on a property and title to a property).

[6] Even if § 7425(b) were applicable to the Circuit Court action however, there is a genuine issue of material fact whether the United States was notified of Kona's foreclosure action in Circuit Court as required by § 7425(c)(1). See Pl. Mot. Summ. J. Ex. A at ¶¶ 21-23.

8